Mr. Chief Justice ShakKey
delivered the opinion of the court.
This was an action of assumpsit on the defendant’s indorsement on a promissory note. The plaintiff entered a nolle prosequi as to the two first counts, and relied on the third. It is recited in the record that the defendant’s demurrer to the third count was sustained, and judgment rendered for defendant, and to reverse this judgment this writ of error is prosecuted, though in truth the record contains no such thing as a demurrer. But assuming that the demurrer was filed and sustained, the question is, was the judgment correct?
The third count charges the liability of the defendant to have arisen in this way ; William S. Sharp, B. V. Gamage, and the defendant, had made a joint note to James Douglass. The defendant took up the note after its maturity, and indorsed it to plaintiff. The declaration alleges with all necessary precision, that by the indorsement, the defendant undertook and promised to pay the plaintiff the amount of money specified in the note. A contract is thus stated on which the plaintiff had undoubtedly a right to recover. As between indorser and indorsee, the indorsement is a new and distinct contract. If it be general, the note is referred to for the purpose of regulating or explaining the contract. But if it be special, as this declaration describes it to have been, the note is no further useful than to limit the *326 amount of the contract. Bills and notes lose their negotiable character after payment, as respects 'the original parties. But a party who shall knowingly negotiate a note or bill after payment, binds hipiself. Story on Bills, 263, sec. 223. The demurrer to the declaration was therefore improperly sustained, and the judgment must be reversed and cause remanded.